■    In the Matter of CARNAT REALTY, INC., Appellant, v. AARON BARNETT et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Respondents. — In a proceeding under article 78 of the CPLR to annul a determination of the Zoning Board of Appeals of the Town of Babylon, denying after a hearing, an application for an area variance, petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County, dated April 8, 1969, as denied the petition and adjudged that the determination and the ordinance involved in the proceeding were not illegal and unconstitutional.  Judgment reversed insofar as appealed from, on the law, without costs, and proceeding remitted to Special Term for a hearing and a determination *de novo* on the basis of the proof adduced at such hearing.  The reason given by the Zoning Board, in its answer in this proceeding, for its determination, namely, creation of a sewerage problem, was in our opinion sufficient to justify the Board's denial of the application if petitioner was then unable to show a confiscation of its property (*Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30, 34–35).  However, the record contains none of the evidence and none of the findings relied upon by the board in arriving at its determination.  Under the circumstances, a hearing is required to determine whether there was evidence sufficient to support the board's action (*Matter of Shell Oil Co.* v. *Farrington,* 21 A D 2d 794; *Matter of Shane* v. *Kern,* 31 A D 2d 654).  Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.